IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02373-GPG

**SETH C. MANSON**,
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

   Plaintiff,

v.

**JP MORGAN CHASE BANK N.A.**,

   Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Seth C. Manson, has filed, *pro se*, a Complaint alleging libaility under the Fair Debt Collection Practices Act.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint if he wishes to pursue his claims in this action.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction:  federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence*. Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")*; see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) ("The issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings.").

In the Complaint, Plaintiff does not allege a statutory basis to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Although he claims in the body of his complaint that Defendant has violated the Fair Debt Collection Practices Act, he cites to state law. Moreover, the applicable federal law does not support his claim. His action appears to sound in breach of contract.

Moreover, Plaintiff fails to plead facts to support jurisdiction pursuant to 28 U.S.C. § 1332. A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Here, Plaintiff request damages in the amount of $27,202.15. Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Plaintiff's claim does not appear to request damages of $75,000.00. As a result, it appears "legally certain," that the facts Plaintiffs alleged could

not support a demand for more than $75,000 in damages, which is required to meet the statutory threshold for diversity jurisdiction. Thus, the allegations of the Complaint are insufficient to invoke this Court's diversity jurisdiction.

Mr. Manson will be directed to file an Amended Complaint that affirmitively establishes this Court's jurisdiction. Accordingly, it is

**ORDERED** that Plaintiff file, **within thirty days from the date of this Order**, an Amended Complaint that complies with the directives in this Order. It is

**FURTHER ORDERED** that Plaintiff shall obtain the appropriate Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

**FURTHER ORDERED** that, if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order as directed, the action may be dismissed without further notice.

DATED October 29, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge